**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Jason Rousseau,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Frank Bisignano, Commissioner of Social Security,**<br><br>**Defendant.** | ) | **Civil Action No. 25-10607-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Jason Rousseau ("plaintiff") brings this action pursuant to 42 U.S.C. §405(g) of the Social Security Act, seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "defendant") denying his claims for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI").

On February 29, 2024, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled and denying his claims for SSDI and SSI. Plaintiff sought review by the SSA's Appeals Council, which denied his Request for Review on January 16, 2025, rendering the decision of the ALJ final. Having exhausted his administrative remedies, plaintiff filed suit in this Court, and thereafter, moved for judgment on the

pleadings. In response, defendant moved to affirm the decision of the ALJ.

This Court referred the parties' cross-motions to Magistrate Judge Paul G. Levenson ("Magistrate Judge Levenson"), who, after considering submissions by the parties, issued a Report and Recommendation ("R&R") recommending the denial of plaintiff's motion for judgment on the pleadings and allowance of the Commissioner's cross-motion to affirm the decision of the ALJ. Magistrate Judge Levenson concluded that any procedural missteps by the ALJ were trivial, and that the findings and conclusions of the ALJ rested upon substantial evidence that was clearly identified in the record.

For the reasons set forth herein, the Court will accept and adopt the R&R.

## I. Analysis

Plaintiff raises several objections to the R&R, primarily contending that Magistrate Judge Levenson (1) erroneously concluded that the ALJ considered plaintiff's bipolar disorder in determining his disability and (2) improperly discounted the opinion of plaintiff's treating psychotherapist, relying on post-hoc rationalizations to justify the decision of the ALJ. Despite these contentions, the Court discerns no reason to disturb the well-reasoned conclusions of the Magistrate Judge.

Under 42 U.S.C. §405(g), the Court must uphold the ALJ's findings if they are supported by substantial evidence. Substantial evidence refers to

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Biestek v. Berryhill, 587 U.S. 97, 103 (2019). The Court is compelled to affirm even if the record could support a different conclusion, so long as substantial evidence supports the ALJ's findings. See Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

Here, as Magistrate Judge Levenson has thoroughly explained, any procedural oversights by the ALJ were immaterial, and the findings and conclusions of the ALJ rest upon clearly identified evidence in the record. With respect to plaintiff's first contention, the fact that the ALJ did not refer to bipolar disorder by name in his analysis was harmless because the ALJ considered the functional effect of plaintiff's mental health conditions, including those attributable to bipolar disorder, in assessing his residual functional capacity.

As to the opinion of plaintiff's psychotherapist, the ALJ permissibly found it unpersuasive because it was materially inconsistent with plaintiff's treatment record, which documented persistent but improving mental health limitations and was corroborated by the opinions of the state agency consultants.

The ALJ was entitled to resolve conflicting evidence and the treatment record provides substantial evidence to support the conclusions of the ALJ. See Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001) ("[T]he responsibility for weighing conflicting evidence, where reasonable minds could differ as to the outcome, falls on the Commissioner and his designee, the ALJ"). Ultimately, plaintiff's objections amount to a request that this Court reconsider the evidence and substitute its judgment for that of the ALJ. Such re-evaluation, however, exceeds the scope of judicial review under the substantial evidence standard. See Ortiz, 955 F.2d at 769.

**ORDER**

Plaintiff's objections (Docket No. 24) to the Report and Recommendation of Magistrate Judge Levenson are overruled and that Report and Recommendation (Docket No. 22) is **accepted and adopted.**

Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is therefore **DENIED**, and Defendant's Motion to Affirm Decision of the Commissioner (Docket No. 17) is **ALLOWED.**

**So ordered.**

Nathaniel M. Gorton

Nathaniel M. Gorton
Senior United States District Judge

Dated September 22, 2026